# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:  Case No. F08-00110-DMD<br><br>CATHOLIC BISHOP OF NORTHERN ALASKA,<br><br>            Debtor. | Chapter 11<br><br>**Filed On 9/16/08** |
| CATHOLIC BISHOP OF NORTHERN ALASKA,<br><br>            Plaintiff,<br><br>      v.<br><br>CONTINENTAL INSURANCE COMPANY, CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, THE CATHOLIC RELIEF INSURANCE COMPANY OF AMERICA, ALASKA NATIONAL INSURANCE COMPANY, and TRAVELERS CASUALTY AND SURETY COMPANY, FORMERLY KNOWN AS AETNA CASUALTY AND SURETY COMPANY,<br><br>            Defendants. | Adv. No. F08-90019-DMD |

## REPORT AND RECOMMENDATION REGARDING THE DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE

To:  The United States District Court

Introduction

Defendant Travelers Casualty and Surety Company has filed a motion to withdraw the reference of this proceeding to the United States District Court for the District of Alaska. All other named defendants have joined this motion. The plaintiff, Catholic Bishop of Northern Alaska, opposes the motion and urges the bankruptcy court to retain the matter. The issues have been fully briefed and are ready for determination.

The Bankruptcy Court submits the following report to the United States District Court, and recommends that the motion to withdraw the reference be granted. This is a non-core proceeding. Further, the defendants are entitled to a jury trial and do not consent to trial before the bankruptcy court. Should trial of this matter become necessary, the reference must be withdrawn to the District Court in accordance with 28 U.S.C. § 157(e). However, for the reasons stated below, it is further recommended that the Bankruptcy Court retain this proceeding until all pre-trial matters, including dispositive motions, have been concluded and this proceeding is ready for trial.

Case Background

The Catholic Bishop of Northern Alaska ("CBNA"), an Alaskan religious corporation sole, conducts the civil affairs of the Diocese of Fairbanks. CBNA filed its chapter 11 petition on March 1, 2008. At the time of filing, approximately 150 tort claimants alleging sexual abuse from priests and others affiliated with the Diocese had filed civil actions in state court against CBNA.

2

CBNA's insurers dispute coverage of the tort claims. In fact, one of CBNA's insurers contends it never issued insurance policies to CBNA and, in 2006, initiated a civil action in the United States District Court for the District of Alaska seeking a determination that no policies existed.[1] The pending tort claims and the insurance disputes are factors which precipitated CBNA's bankruptcy filing.

After filing its chapter 11 petition, CBNA initiated the instant adversary proceeding in the bankruptcy court. CBNA seeks a declaratory judgment regarding the scope of coverage provided by the various insurance policies issued by the defendants. Specifically,

> Plaintiff CBNA requests the Court to issue a declaratory judgment setting forth an adjudication with regard to all of the provisions of all the Defendants' respective primary and excess/umbrella liability insurance policies, as to which CBNA is an insured, that are required to be addressed in order to establish the scope of coverage currently available to Plaintiff CBNA and/or potentially available to Plaintiff CBNA under the Defendants' various liability policies, and each of them, with regard to the claims of the current claimants in the pending Alaska Clergy Abuse Cases, and also with regard to future claims that may be brought against CBNA, . . . and such other and further supplemental relief

---

[1] *Continental Ins. Co. v. Catholic Bishop of N. Alaska*, USDC Case No. 3:06-cv-00019-TMB ("the policies existence case"). The bankruptcy court held that the policies existence case was a non-core proceeding and lifted the stay for the limited purpose of allowing the District Court to hear and determine summary judgment motions that were pending in that case at the time CBNA's petition was filed [*See* Order Granting Limited Relief From Stay, entered June 27, 2008, in Main Case No. F08-00110-DMD, *In re Catholic Bishop of N. Alaska* (Docket No. 222)]. The District Court subsequently granted CBNA's motion to refer the policies existence case to the bankruptcy court, where this matter is now pending (Adv. No. F08-90033-DMD).

3

> necessary to fully adjudicate the rights and obligations of Plaintiff and Defendants under the subject primary and excess/umbrella liability insurance policies.[2]

All of the defendants have answered and demanded a jury trial on the issues which may be so tried. None of the defendants consent to trial before the bankruptcy court.

Defendant Travelers Casualty and Surety Company ("Travelers") filed a motion to withdraw the reference of this proceeding to the United States District Court for the District of Alaska. Travelers argues that this is a non-core proceeding under 28 U.S.C. § 157(c)(1) because the scope of insurance coverage issues which CBNA has raised in its complaint are governed exclusively by Alaska law. Travelers further contends that withdrawal of the reference would promote judicial economy and facilitate an expeditious resolution of this case. Travelers also argues that withdrawal of this matter would give the bankruptcy court more time to focus on other matters which must be addressed in CBNA's chapter 11 case. Finally, Travelers notes that all defendants have made jury demands, but none of them consent to having a jury trial before the bankruptcy court. All other named defendants have filed joinders to Travelers' motion.

CBNA opposes the motion. It contends the defendants' right to a jury will not be affected if this proceeding remains in the bankruptcy court because the scope of coverage issues it has raised are purely legal issues, without contested facts, which must be tried by the court. CBNA also contends this is a core proceeding which can be determined by the

---

[2] *Pl.'s Compl. for Declaratory Judgment*, Docket No. 1, filed Apr. 24, 2008, at p. 13.

4

bankruptcy court. Alternatively, CBNA urges the bankruptcy court to retain this proceeding, if it is found to be non-core, until it is ready for trial.

Analysis

    I.    This is a Non-Core Proceeding

A bankruptcy judge is to determine, *sua sponte* or on motion of a party, whether a matter is a core proceeding.[3] Bankruptcy judges may hear and determine core proceedings.[4] A bankruptcy judge may also hear a non-core, related proceeding, but in such a proceeding,

> [T]he bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district court after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.[5]

A district court may refer a non-core, related proceeding to the bankruptcy judge for determination only with the consent of all parties to the proceeding.[6] Further, regardless of whether a matter is core or non-core, a bankruptcy court may not conduct a jury trial in a proceeding unless "it has been specifically designated to exercise such jurisdiction" and all

---

[3] 28 U.S.C. § 157(b)(3).

[4] 28 U.S.C. § 157(b)(1).

[5] 28 U.S.C. § 157(c)(1).

[6] 28 U.S.C. § 157(c)(2).

5

parties to the proceeding have expressly consented to the bankruptcy court's jurisdiction.[7]

CBNA's complaint alleges that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). "Core proceeding" is not defined in the Bankruptcy Code.[8] "Rather, section 157(b)(2) contains a laundry list of core proceedings along with the admonition that core proceedings include, 'but are not limited to,' the items listed."[9] CBNA's declaratory judgment action, which seeks a determination regarding the scope of coverage offered it under various pre-petition insurance policies, doesn't fit within any of the listed matters except possibly § 157(b)(2)(A) ["matters concerning the administration of the estate"] and § 157(b)(2)(O) ["other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims"].[10] The Ninth Circuit has cautioned that bankruptcy courts should avoid characterizing matters falling within these two "catch-all" subsections as core proceedings "if to do so would raise constitutional problems."[11]

---

[7] 28 U.S.C. § 157(e); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 36 (1989)(person who has not filed claim in bankruptcy case retains right to jury trial in fraudulent conveyance suit brought by trustee even though § 157(b)(2)(H) designates such a proceeding as core); *Taxel v. Electronic Sports Research (In re Cinematronics, Inc.)*, 916 F.2d 1444, 1451(9th Cir. 1990)(bankruptcy courts cannot conduct jury trials in non-core matters if all parties haven't consented).

[8] *Cinematronics*, 916 F.2d at 1449.

[9] *Id.* at 1449-50 (citation omitted).

[10] 28 U.S.C. § 175(b)(2)(A), (O).

[11] *Cinematronics*, 916 F.2d at 1450, *citing Piombo Corp. v. Castlerock Properties (In re Castlerock Properties)*, 781 F2d. 159, 162 (9th Cir. 1986).

6

The claims CBNA has asserted in this declaratory judgment action do not arise under the Bankruptcy Code and could exist independently of its bankruptcy filing. CBNA has an independent basis for federal jurisdiction, 28 U.S.C. § 2201, and could have brought this proceeding in the district court absent its bankruptcy filing. Alternatively, CBNA could have sought a declaration regarding its insurance coverage in state court. Because CBNA's scope of coverage claims don't depend on the Bankruptcy Code for their existence and could proceed in another court, they are non-core proceedings.[12]

Nor are CBNA's claims transformed into core proceedings because the insurance coverage is an asset of the bankruptcy estate, or because favorable resolution of CBNA's claims will substantially increase the size of the bankruptcy estate.[13]  Neither of these factors were considered by the Supreme Court when it determined, in *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, that a bankruptcy court's exercise of jurisdiction over a prepetition, state law contract claim, over the objection of one of the parties, violated Article III of the United States Constitution.[14]  The Ninth Circuit "has interpreted *Marathon* as depriving the bankruptcy court of jurisdiction 'to make final

---

[12] *Sec. Farms v. Int'l Bhd. of Teamsters,* 124 F.3d 999, 1008 (9th Cir. 1997), *citing Castlerock,* 781 F.2d at 162.

[13] *Matter of United States Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997) (declaratory judgment action to determine scope of insurance coverage is not core proceeding, even though the insurance coverage is an important right to the debtor); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1102 (2nd Cir. 1993); *Lawrence Group, Inc. v. Hartford Cas. Ins. Co. (In re Lawrence Group, Inc.)*, 285 B.R. 784, 788 (N.D.N.Y. 2002).

[14] 458 U.S. 50 (1982).

7

determinations in matters that could have been brought in a district court or a state court.'"[15] CBNA's scope of insurance coverage claims fall within this category and are non-core claims.

## II. Trial of this Matter Should Proceed in the District Court

Because this is a non-core proceeding, trial of this matter should proceed in the district court. In non-core proceedings, absent consent of the parties, the bankruptcy court is limited to submitting proposed findings of fact and conclusions of law to the district court, which would review those findings and conclusions de novo and enter a final judgment.[16] All defendants in this proceeding object to the bankruptcy court's jurisdiction. Further, a bankruptcy judge may conduct a jury trial, under 28 U.S.C. § 157(e), only with the express consent of all parties. This requirement isn't satisfied here. None of the defendants consent to a trial in the bankruptcy court.

CBNA doesn't dispute the defendants' right to a jury trial. Instead, CBNA contends there are no disputed factual issues to be determined here and that this matter can be tried to the court. If this is indeed the case, then this matter can be resolved by way of summary judgment.[17] Should a trial of this non-core proceeding become necessary, it must be held in the district court.

---

[15] *Castlerock*, 781 F.2d at 162 (citation omitted).

[16] 28 U.S.C. § 157(c).

[17] The construction of an insurance contract is a matter for the court, unless there are "relevant unresolved or controversial facts." *Fejes v. Alaska Ins. Co., Inc.*, 984 P.2d 519, 522 (Alaska 1999).

8

III. The Bankruptcy Court may Retain this Matter Until Time of Trial

The fact that this matter may ultimately end up in district court for trial doesn't require that the reference be withdrawn immediately.[18] "Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters."[19] The Ninth Circuit has noted that there are two rationales for this:

> First, allowing the bankruptcy court to retain jurisdiction over *pre-trial* matters, does not abridge a party's Seventh Amendment *right to a jury trial*. A bankruptcy court's pre-trial management will likely include matters of "discovery," "pre-trial conferences," and routine "motions," which obviously do not diminish a party's *right* to a jury trial. Moreover, even if a bankruptcy court were to rule on a dispositive motion, it would not affect a party's Seventh Amendment *right* to a jury trial, as these motions merely address whether trial is necessary at all.
>
> Second, requiring that an action be immediately transferred to district court simply because of a *jury trial right* would run counter to our bankruptcy system. Under our current system Congress has empowered the bankruptcy courts to "hear" Title 11 actions, and in most cases enter relevant "orders." As has been explained before, this system promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them. Accordingly, if we were to require an action's *immediate* transfer to a district court simply

---

[18] *Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 788 (9th Cir. 2007).

[19] *Id.* at 787.

9

> because there is a *jury trial right* we would effectively subvert this system. Only by allowing the bankruptcy court to retain jurisdiction over the action until *trial is actually ready* do we ensure that our bankruptcy system is carried out.[20]

AK LBR 9015-2 provides that both core and non-core matters which must be tried by the district court are retained by the bankruptcy court until the time of trial, unless the reference is withdrawn sooner. If a motion to withdraw the reference is not filed sooner, then LBR 9015-2(d) provides for the automatic transfer of the case to the district court when the bankruptcy court files a certificate of readiness for trial with that court. The Ninth Circuit has found a similar "automatic withdrawal" provision from another district invalid because it is inconsistent with the procedure for withdrawal of the reference found in 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011(a).[21] Because recent case law has drawn the validity of AK LBR 9015-2(d) into question, and in the interests of judicial economy, Traveler's motion to withdraw the reference should be determined at this time.[22] An order granting the motion can be entered, with the provision that this proceeding remain in the bankruptcy court until it is ready for trial. The bankruptcy court may conduct all pre-trial matters and may hear

---

[20] *Healthcentral.com*, 504 F.3d at 787-88 (citations omitted, emphasis in original).

[21] *Id.* at 784 (discussing Rule 9015-(2)(b) from the Local Bankruptcy Rules for the Northern District of California).

[22] It would be inefficient for this court to recommend that Traveler's motion to withdraw the reference be denied at this time, without prejudice, because this proceeding is not yet ready for trial, and then sua sponte move to withdraw the reference when the case is ready for trial. The issue of whether reference of this non-core proceeding should be withdrawn to the district court for trial can be determined now.

10

dispositive matters such as summary judgment motions.[23] On dispositive motions, however, the bankruptcy court would issue proposed findings of fact and conclusions of law to the district court.[24]

Conclusion and Recommendation

This is a non-core proceeding. The defendants have demanded a jury trial and do not consent to the bankruptcy court's jurisdiction. Under such circumstances, the trial of this matter must be held in the district court, pursuant to 28 U.S.C. § 157(e). Further, the bankruptcy court cannot enter judgments in this proceeding, but must instead submit proposed findings of fact and conclusions of law to the district court for its de novo review, pursuant to 28 U.S.C. § 157(c)(1). The reference of this matter must be withdrawn for trial. However, the bankruptcy court may retain jurisdiction over this action for all pre-trial matters, including motions for summary judgment.

The bankruptcy court respectfully recommends that the motion to withdraw the reference, filed by Travelers Casualty and Surety Company, be granted, with the following provisions:

1) Withdrawal of the reference to the district court is granted for the purpose of conducting trial of this matter.

---

[23] *Id.* at 788.

[24] 28 U.S.C. § 157(c)(1); *see also Battley v. Schweitzer*, 8 ABR 251, 254 (Bankr. D. Alaska 2006).

11

2) This proceeding will be retained in the bankruptcy court for the handling of all pre-trial matters, including motions for summary judgment. If summary judgment motions are filed, the bankruptcy court will issue proposed findings of fact and conclusions of law thereon to the district court, pursuant to 28 U.S.C. § 157(c)(1).

3) Upon the conclusion of all pre-trial matters, the bankruptcy court will certify to the district court that this matter is ready for trial.

DATED: September 16, 2008

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  S. Boswell, Esq.
K. Nye, Esq.
C. Young, Esq.
M. Pompeo, Esq.
R. Dykstra, Esq.
J. Wendlandt, Esq.
B. Ambarian, Esq.
C. Ekberg, Esq.
P. Gingras, Adv. Case Mgr. - √ svd 9/16/08 aam

09/16/08