UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:  Case No. F08-00110-DMD<br><br>CATHOLIC BISHOP OF NORTHERN ALASKA,<br><br>　　　　　Debtor. | Chapter 11<br><br>**Filed On 3/25/09** |
| CATHOLIC BISHOP OF NORTHERN ALASKA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CONTINENTAL INSURANCE COMPANY, CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, THE CATHOLIC RELIEF INSURANCE COMPANY OF AMERICA, ALASKA NATIONAL INSURANCE COMPANY, and TRAVELERS CASUALTY AND SURETY COMPANY, FORMERLY KNOWN AS AETNA CASUALTY AND SURETY COMPANY,<br><br>　　　　　Defendants. | Adversary No. F08-90019-DMD |

**MEMORANDUM REGARDING INTERVENTION**

　　　　This adversary proceeding was commenced by the debtor, Catholic Bishop of Northern Alaska ("CBNA"), to obtain a declaratory judgment as to the amount of insurance coverage available for application to the claims of sexual abuse that have been filed in the chapter 11 case. CBNA's complaint was filed April 24, 2008. The defendant insurers sought withdrawal of the reference. That motion was granted by the district court but the coverage

action is to be retained in the bankruptcy court for the handling of all pretrial matters. The Official Committee of Unsecured Creditors ("UCC") moved to intervene as a plaintiff in this proceeding on January 8, 2009. CBNA joins in the UCC's motion. The defendants oppose intervention.

Fed. R. Bankr. P. 7024 makes Fed. R. Civ. P. 24 applicable in adversary proceedings. Rule 24(a)[1] requires a court, on timely motion, to allow intervention on two alternative grounds. Under Rule 24(a)(1), the court must permit intervention to anyone who "is given an unconditional right to intervene by a federal statute."[2] The UCC argues that 11 U.S.C. § 1109(b) creates an unconditional right for it to intervene in this action. Section 1109(b) provides that a party in interest, "including a creditor's committee . . . may raise and may appear and be heard on any issue in a case under this chapter."[3]

There is authority for the UCC's position. In *Official Unsecured Creditors' Committee v. Michaels (In the Matter of Marin Motor Oil, Inc.)*,[4] the Third Circuit determined that a creditor's committee had a right to intervene in an adversary proceeding brought by a chapter 11 trustee. The court found that the legislative history of § 1109(b) strongly supported an unqualified right to intervene by creditor's committees.[5] Another

---

[1] All references to Rule 24 herein are to Fed. R. Civ. P. 24.

[2] Fed. R. Civ. P. 24(a)(1).

[3] 11 U.S.C. § 1109(b).

[4] 689 F.2d 445 (3rd Cir. 1982).

[5] *Id.* at 452-53.

2

Third Circuit case, *Phar-Mor, Inc. v. Coopers & Lybrand*,[6] decided in 1994, followed the holding of *Marin Motor Oil*. The panel indicated some unease with *Marin* as precedent, however, with one judge indicating that he believed *Marin* was incorrectly decided.[7] The Second Circuit, in *Term Loan Holder Committee v. Ozer Group, L.L.C. (In re The Caldor Corporation)*,[8] also found that a committee had an unconditional right to intervene. The court based its ruling on the plain meaning of § 1109(b) and the legislative history of the statute.

The defendant insurers contend § 1109(b) does not create a statutory right of intervention for the UCC in this adversary proceeding. The leading case for the defendants is a Fifth Circuit decision, *Fuel Oil Supply and Terminaling v. Gulf Oil Corporation*.[9] In *Fuel Oil*, a creditor's committee sought to intervene in an adversary proceeding brought by the debtor to recover a preference. The Fifth Circuit found that the committee did not have an unconditional right to intervene in the adversary proceeding. While § 1109(b) appeared to create such a right when viewed in isolation, it had to be viewed in the context of Rule 24(a)(1). The court noted that Rule 24 has been narrowly construed and that courts have been hesitant to find unconditional statutory rights of intervention.[10] The court stated that

---

[6] 22 F.3d 1228 (3rd Cir. 1994).

[7] *Id.* at 1241 (Restani J., concurring). The majority opinion also noted that the Third Circuit's internal operating procedures barred the panel from overruling *Marin*. *Id.* at 1233.

[8] 303 F.3d 161 (2nd Cir. 2002).

[9] 762 F.2d 1283 (5th Cir. 1985).

[10] *Id.* at 1286.

3

"private parties are rarely given an unconditional statutory right to intervene" and "[s]ection1109(b) is not the type of statute generally considered to provide an absolute right to intervene."[11] The court also noted that a different procedural rule, Fed. R. Bankr. P. 2018, governed intervention in cases, while Rule 24 applied to intervention in adversary proceedings. Because of this distinction, and because of the narrow construction given to Rule 24(a), the Second Circuit concluded that Congress did not intend to create an absolute right to intervene in adversary proceedings through § 1109(b).[12]

The defendants have also cited cases from the First, Fourth and Tenth Circuits which they contend have followed *Fuel Oil*.[13] I have reviewed all of these cases and view their references to *Fuel Oil* as dicta. Nonetheless, having considered the leading decisions cited by the parties, my inclination is to follow *Fuel Oil* rather than *Marin* and *Caldor*. I base my decision on the rationale behind *Fuel Oil* and its progeny,[14] which was summarized in *Phar-Mor*:

> First, Congress has consistently drawn a distinction between bankruptcy "cases" and "adversary proceedings" related to them in other parts of the bankruptcy statutory scheme. Second,

---

[11] *Id.* (citation and footnote omitted) .

[12] *Id.* at 1287.

[13] *Richman v. First Woman's Bank (In re Richman),* 104 F.3d 654, 658 (4th Cir. 1997); *Vermejo Park Corp. v. Kaiser Coal Corp. (In re Kaiser Steel Corp.),* 998 F.2d 783, 790 (10th Cir. 1993); *Kowal v. Malkemus (In re Thompson),* 965 F.2d 1136, 1142 n.8 (1st Cir.1992).

[14] *995 Fifth Ave. Assocs., L.P. v. New York State Dep't of Taxation & Fin. (In re 995 Fifth Ave. Assocs., L.P.),* 157 B.R. 942, 951 (S.D.N.Y. 1993); *CVC, Inc. v. Conway, Patton, Bouhall (In re CVC, Inc.),* 106 B.R. 478, 479 (Bankr. N.D. Ohio 1989); *Rollert Co., Inc. v. Charter Crude Oil Co. (In re The Charter Co.),* 50 B.R. 57, 62 (Bankr. W.D. Tex. 1985).

4

>courts have construed Rule 24(a)(1) narrowly; these courts have been reluctant to interpret statutes to grant an unconditional right to intervene to private parties. Third, Bankruptcy Rule 7024 and its accompanying advisory committee note indicate that Congress was aware of a distinction between cases and adversary proceedings and that Congress intended to differentiate between them in the context of intervention.[15]

For these reasons, I conclude that § 1109(b) does not grant an unconditional right to intervene in adversary proceedings under Rule 24(a)(1).

The second form of mandatory intervention is set forth in Rule 24(a)(2), which provides:

>(a) On timely motion, the court must permit anyone to intervene who:
>
>. . .
>
>(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[16]

A party seeking to intervene as of right under Rule 24(a)(2) must meet four requirements:

>(1) the applicant must timely move to intervene;
>(2) the applicant must have a significantly

---

[15] *Phar-Mor*, 22 F.3d at 1222-1223.

[16] Fed. R. Civ. P. 24(a)(2).

5

>protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.[17]

The UCC has filed a timely motion to intervene, but it must also have a significantly protectable interest relating to the coverage action. Unquestionably, the sex abuse claims are significant interests with regard to the insurance that is to cover such claims. But it is not a protectable interest within the context of this adversary proceeding because Alaska law does not permit a victim to maintain a direct action against the liability insurance company of the tortfeasor.[18] The UCC must satisfy all four of the elements required by Rule 24(a)(2) to obtain intervention of right under that subsection.[19] Because it cannot satisfy the second element, that it hold a significantly protectable interest relating to CBNA's coverage action, it is not entitled to mandatory intervention under Rule 24(a)(2).

Permissive intervention is allowed under Rule 24(b). Under Rule 24(b)(1)(A), anyone who "is given a conditional right to intervene by a federal statute" may be allowed to intervene by the court.[20] The only statutory basis for intervention submitted by the UCC is § 1109(b). For the reasons stated above, I find that § 1109(b) creates neither an

---

[17] *Arakaki v. Cayetano,* 324 F.3d 1078, 1083 (9th Cir. 2003), *cert. denied* 540 U.S. 1017 (2003).

[18] *Evron v. Gilo*, 777 P.2d 182, 187 (Alaska 1989); *Severson v. Severson's Estate*, 627 P.2d 649, 651 (Alaska 1981); *see also Mt. Hawley Ins. Co. v. Sandy Lake Prop., Inc.,* 425 F.3d 1308 (11th Cir. 2005).

[19] *Arakaki,* 324 F.3d at 1083.

[20] Fed. R. Civ. P. 24(b)(1)(A).

unconditional nor a conditional right to intervene in adversary proceedings. The UCC is not entitled to permissive intervention under Rule 24(b)(1)(A).

A second basis for permissive intervention is found in Rule 24(b)(1)(B), which allows anyone who "has a claim or defense that shares with the main action a common question of law or fact" to intervene, at the court's discretion.[21] The main action here is the coverage action. The complaint in intervention filed by the UCC restates many of the same coverage allegations found in CBNA's complaint. The complaints raise common, if not identical, issues of law and fact. That does not mean, however, that this court must allow permissive intervention.

> If there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b), and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention.[22]

Here, the UCC has no right to intervene under Rule 24(a). I refuse to allow permissive intervention under Rule 24(b)(1)(B) because Alaska law does not allow a tort claimant to directly sue the tortfeasor's insurer.[23]

---

[21] Fed. R. Civ. P. 24(b)(1)(B).

[22] 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure Civil 3d* § 1913. (2008), *available at* 7C FPP § 1913 (Westlaw).

[23] *Evron*, 777 P.2d at 187; *Severson*, 627 P.2d at 651.

Under Rule 24(c), a motion to intervene must be "accompanied by a pleading that sets out the claim or defense for which intervention is sought."[24] The UCC has filed such a complaint. The complaint incorporates portions of CBNA's coverage complaint and prays for all relief sought by CBNA. However, the UCC also prays for a declaratory judgment that the defendants are obligated to pay in full all sums which CBNA becomes legally obligated to pay as damages with respect to the abuse claims. The UCC contends a conflict of interest exists between itself and CBNA because CBNA disputes the validity of certain of the abuse claims, CBNA views the value of the abuse claims differently than the UCC, and CBNA only wants to obtain a recovery from the insurers adequate to fund its plan while the UCC wants to maximize the insurers' coverage obligations. As to the UCC's first two grounds, that CBNA's view of the validity and value of the abuse claims differs from its own, these issues are more appropriately addressed in the context of plan confirmation or claims objection proceedings.[25] From my perspective, injecting these issues into this adversary proceeding may unnecessarily complicate the determination as to insurance coverage. Further, given the significant number and amount of claims which have been filed in this case, the UCC's third basis for conflict, that CBNA somehow is seeking less than recovery of maximum policy limits, holds little water. Finally, the UCC's complaint fails to state a claim for the reason stated above; an Alaskan tort claimant cannot drag the

---

[24] Fed. R. Civ. P. 24(c).

[25] The allowance and estimation of the abuse claims will need to be determined by the district court. 28 U.S.C. § 157(b)(2)(B).

8

tortfeasor's insurance company into litigation over coverage issues.[26] When a proposed complaint in intervention does not state a claim against the defendants, the motion for intervention must fail.[27]

For the foregoing reasons, the UCC's motion for intervention will be denied. An order will be entered consistent with this memorandum.

DATED: March 25, 2009.

BY THE COURT

 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  S. Boswell, Esq.
D. Paige, Esq.
D. Bundy, Esq.
J. Stang, Esq.
R. Rhodes, Esq.
P. Sievers, Esq.
J. Altieri, Esq.
M. Pompeo, Esq.
D. LaRue, Esq.
P. Stahl, Esq.
P. Nash, Esq.
R. Dykstra, Esq.
C. Ekberg, Esq.
M. Mills, Esq.
F. Odsen, Esq.
D. Specter, Esq.
D. LaGory, Esq.
R. Groseclose, Esq.
J. Hurricane, Esq.
K. Nye, Esq.
J. Wendlandt, Esq.
C. Young, Esq.

03/25/09

---

[26] *Evron*, 777 P.2d at 187; *Severson*, 627 P.2d at 651.

[27] *Pin v. Texaco, Inc.,* 793 F.2d 1448, 1450 (5th Cir. 1986).