# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:  Case No. F08-00110-DMD<br><br>CATHOLIC BISHOP OF NORTHERN ALASKA,<br><br>       Debtor. | Chapter 11<br><br>**Filed On 1/13/10** |
| CATHOLIC BISHOP OF NORTHERN ALASKA,<br><br>       Plaintiff,<br><br>   v.<br><br>CONTINENTAL INSURANCE COMPANY, CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, THE CATHOLIC RELIEF INSURANCE COMPANY OF AMERICA, ALASKA NATIONAL INSURANCE COMPANY, and TRAVELERS CASUALTY AND SURETY COMPANY, f/k/a AETNA CASUALTY AND SURETY COMPANY,<br><br>       Defendants. | Adv. No. F08-90019-DMD |

## MEMORANDUM ON MOTIONS TO STRIKE

Plaintiff CBNA has filed a motion to strike paragraphs 1 through 4 of the November 23, 2009 certification of Frederick Marczyk, and Exhibit B to Mr. Marczyk's certification. Defendant Travelers Casualty and Surety Company has responded with a motion to strike portions of CBNA's "separate statement of facts," Exhibit 2 to the statement of facts, and paragraph 4 of the declaration of David Paige in support of the statement of facts. I have reviewed both motions.

As is apparent from the two motions, there appears to be a discrepancy between the parties regarding the "annual periods" within the second umbrella insurance policy, No. XS 587476, issued to CBNA by Travelers. The designated policy period for this particular policy was from 4/15/1989 to 7/1/1990, as specified on the declarations page of that policy. CBNA contends, based upon its records, that the "annual periods" within this policy ran from 4/15/1989 to 7/1/1989, and then from 7/1/1989 to 7/1/1990. This contention is supported by a letter written by Travelers' counsel to CBNA in June of 2007.[1] Travelers contends the "annual periods" of the policy, however, ran from 4/15/1989 to 4/15/1990, and then from 4/15/1990 to 7/1/1990, based upon a document found in its records, specifically, the "Amendment of Coverage – Exhibit B" which is attached to Mr. Marczyk's certification.[2]

A jury demand has been filed in this proceeding, but the pending cross motions for summary judgment will be considered by the court. Accordingly, there is no danger of prejudice to either party if the motions to strike are not granted. Further, the dispute between CBNA and Travelers regarding the annual periods within Policy No. XS 587476 is irrelevant to the issues raised in the parties' pending cross motions for summary judgment on the coverage issue related to "post-abuse impacts" claims. The assertions of fact and the submission of exhibits by either CBNA or Travelers on this point will not be considered by the court when it issues proposed findings of fact and conclusions of law to the District Court.

For the foregoing reasons, the motions to strike filed by CBNA and Travelers will be denied. No oral argument will be entertained on either of these motions at the hearing on the cross motions for summary judgment, scheduled for January 14, 2010. An order will be entered accordingly.

---

[1] *See* CBNA's Separate Statement of Facts, filed Nov. 11, 2009 (Docket No. 120), Ex. 9 at 12.

[2] *See* Marczyk Cert. in Supp. of Travelers' Statement of Genuine Issues, filed Nov. 23, 2009 (Docket No. 126), Ex. B.

2

DATED:  January 13, 2010

           BY THE COURT

           /s/ Donald MacDonald IV
           DONALD MacDONALD IV
           United States Bankruptcy Judge

Serve:  D. Paige, Esq.
       K. Nye, Esq.
       R. Groseclose, Esq.
       S. Boswell, Esq.
       J. Altieri, Esq.
       C. Young, Esq.
       F. Marczyk, Esq.
       J. Altieri, Esq.
       M. Pompeo, Esq.
       W. Corbett, Esq.
       Case Participants per Notice of Electronic Filing
       Cheryl Rapp, Adv. Case Mgr.

       01/13/10